UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON MERRIMAN,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/15

**ORDER**

14 Civ. 3510 (PGG) (HBP)

PAUL G. GARDEPHE, U.S.D.J.:

      Plaintiff filed the Complaint in this action May 13, 2014. (Dkt. No. 2) He seeks judicial review, pursuant to Title 42, United States Code, Section 405(g), of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits. (Id.) On May 27, 2014, this Court referred the matter to Magistrate Judge Henry Pitman for a Report & Recommendation ("R&R"). (Dkt. No. 6) On December 12, 2014, Plaintiff filed a motion for judgment on the pleadings, arguing, inter alia, that this Court should remand the case for further administrative proceedings because the Administrative Law Judge ("ALJ") did not satisfy his duty to adequately develop the administrative record. (Dkt. No. 17) On January 12, 2015, the Commissioner of Social Security filed a cross-motion for judgment on the pleadings. (Dkt. No. 22) On August 14, 2015, Magistrate Judge Pitman issued an R&R recommending that Plaintiff's motion be granted; that the Commissioner's motion be denied; and that this case be remanded for further administrative proceedings. (Dkt. No. 26)

      In his R&R, Magistrate Judge Pitman also informed the parties that they had fourteen days from the issuance of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that failure to do so would

result in waiver of review. (R&R at 62-63) The Commissioner has not filed any objections to the R&R. Accordingly, the Commissioner has waived the right to review by this Court. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

This Court has nonetheless reviewed Magistrate Judge Pitman's comprehensive and well-reasoned R&R and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). Indeed, the Court agrees with Magistrate Judge Pitman's conclusion that the ALJ did not satisfy his duty to develop the administrative record and that, accordingly, the case should be remanded for further proceedings. (R&R at 55; see Pratts v. Chater, 94 F.2d 34, 37 (2d Cir. 1996))

With respect to Plaintiff's physical ailment – a problem with his elbow – he received treatment from a physician named Dr. Fond. See SSA Administrative Record (Dkt. No. 14) ("Tr.") at 29-30, 399-414. As Magistrate Judge Pitman explains fully in his R&R, the record with respect to Dr. Fond's treatment notes was limited, and it did not contain a complete opinion from Dr. Fond as to the exertional limitations that Plaintiff's elbow problem imposed. See id. The ALJ nevertheless concluded – on the basis of Dr. Fond's treatment notes – that Plaintiff's physical limitations permitted him to perform work at a "medium" level of exertion. (Tr. 29-30; see R&R at 45-46) Because the record before the ALJ as to Plaintiff's physical limitations was incomplete, the ALJ was obligated to develop it further. See Pratts, 94 F.3d at 37. Moreover,

2

"[b]ecause a[ residual functional capacity determination] is a medical determination, an ALJ who makes a[ residual functional capacity determination] in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error." Hilsdorf v. Comm'r of Soc. Sec., 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010). Accordingly, it was legal error for the ALJ to conclude that Plaintiff could perform medium exertion work on the basis of the incomplete medical record he had before him.

With respect to Plaintiff's mental and emotional problems, his treating physician was Dr. Kole. See Tr. 27, 215-16, 304-05. Despite noting that Dr. Kole had not provided an opinion concerning the extent of Plaintiff's mental limitations (Tr. 27), the ALJ did not further develop the record with respect to Dr. Kole's evaluation before – at least partially – rejecting Dr. Kole's opinion and basing his determination of residual function capacity on the opinions of certain consulting physicians who had evaluated Plaintiff. See id. As Magistrate Judge Pitman explains in his R&R,

> "The duty to develop the record is particularly important where an applicant alleges he is suffering from a mental illness[], due to the difficulty in determining whether these individuals will be able to adapt to the demands or 'stress' of the workplace." Hidalgo v. Colvin, No. 12 Civ. 9009 (LTS) (SN), 2014 WL 2884018[,] at *4 (S.D.N.Y. June 25, 2014) . . . (adopting Report & Recommendation . . . ) [(internal quotation marks omitted)]. If the ALJ was dissatisfied with Dr. Kole's failure to provide a medical opinion after his . . . examination of the plaintiff because of the gap created in the record, he had an affirmative duty to further develop the record with regard to plaintiff's limitations and their effect on plaintiff's ability to work before according Dr. Kole's opinion only some weight, particularly in light of the "great weight" afforded the consulting examiners' opinions (Tr. 28-29). See Vazquez v. Comm'r of Soc. Sec., . . . [No. 14 Civ. 6900 (JCF),] 2015 WL 4562978[,] at *17 [(S.D.N.Y. July 21, 2015)] (collecting cases); . . . see also 20 C.F.R. § 404.1512(e) ("We will not evaluate [consultative] evidence until we have made every reasonable effort to obtain evidence from [plaintiff's] medical sources."). The ALJ's failure to provide "good reasons" for affording Dr. Kole's opinion only some weight also warrants remand of this case.

(R&R at 49-50)  This Court agrees with Magistrate Judge Pitman's conclusion "that the ALJ's rejection of Dr. Kole's opinion, at least in part, without first attempting to clarify the gaps in the record constituted legal error and grounds for remand."  (Id. at 50)

This Court adopts Magistrate Judge Pitman's R&R in its entirety, and, for the reasons stated therein, grants Plaintiff's motion for judgment on the pleadings (Dkt. No. 17) and denies the Commissioner's motion for judgment on the pleadings (Dkt. No. 22).  The case is remanded for further proceedings consistent with this Order and Magistrate Judge Pitman's R&R.[1]  The Clerk of the Court is directed to terminate the motions (Dkt. Nos. 17, 22), and to close this case.

Dated: New York, New York
September 16, 2015

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge

---

[1] In addition to further developing the administrative record on remand, "if the ALJ decides not to accord a treating physician or psychiatrist's opinion controlling weight after [further development of the record], he should [also] . . . detail his reasons therefor."  (R&R at 55)